IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| PHYLLIS LEWIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CASE NO. 3:14-0897 |
| | ) | JUDGE TRAUGER/KNOWLES |
| | ) | |
| PAUL MILLER, Administrator, | ) | |
| JEREMY GRIMES, COO, | ) | |
| MERIDIAN, FORESIGHT HEALTH | ) | |
| SERVICES HOLDINGS, dba | ) | |
| GREENHILLS SENIOR HEALTH | ) | |
| CENTER, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

This matter is before the Court upon the pro se Plaintiff's "Motion to Dismiss Defendants." Docket No. 12. The body of the Motion states in full as follows:

> Plaintiff moves this court to dismiss complaint against and/or remove Meridian Foresight and Jeremy Grimes form [*sic*] complaint for the following reason:
>
> At the time complaint was filed with the EEOC, Meridian Foresignt [*sic*] was no longer the owner of GREEN HILLS Senior Health Center.
>
> All shares were sold to Paul Miller.

*Id.*

Plaintiff previously filed a discrimination charge with the EEOC against some or all of the Defendants. Plaintiff, as the charging party, subsequently executed a "Negotiated Settlement Agreement" that was also signed by an EEOC representative, and a person or entity identified as

"Respondent."[1]  Docket No. 1-1, p. 2.  The Settlement Agreement required Respondent to make a number of payments to Ms. Lewis, totaling $12,000.00.  Ms. Lewis filed the instant lawsuit on April 2, 2014, alleging that Respondent had breached the Settlement Agreement by not paying the appropriate amounts due.  Docket No. 1.

Judge Trauger has referred the case to the undersigned "for case management, decision on all pre-trial nondispositive motions and Report and Recommendation on all dispositive Motions under 28 U.S.C. § 636(b)(1) and to conduct any necessary proceedings under Rule 72, Fed. R. Civ. P."  Docket No. 8.

On May 20, 2014, the undersigned entered an Order directing the Clerk to send blank Summons forms to Plaintiff.  Docket No. 10.  The Order provided that Plaintiff was to complete the Summonses and return them to the Clerk's Office within twenty (20) days of the receipt of the Order.  The Order further provided, "The Clerk's Office will issue the Summons forms and return them to the plaintiff for service of process."  *Id*.  Plaintiff has not yet returned the completed Summons forms (which are not yet due), and, therefore, none of the Defendants has been served.  The instant Motion to Dismiss was filed May 21, 2014.

Fed. R. Civ. P. 41(a) governs voluntary dismissals of actions.  Rule 41(a)(1)(A) provides that a plaintiff may dismiss an action without a Court Order by filing:

> (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or
>
> (ii) a stipulation of dismissal signed by all parties who have appeared.

Plaintiff has filed neither a Notice of Dismissal nor a Stipulation of Dismissal.

---

[1] The signature for "Respondent" on the Settlement Agreement is illegible.

Therefore, the instant Motion should be analyzed under Rule 41(a)(2), which provides in relevant part:

> Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order on terms that the court considers proper. . . . .

It is reasonably clear from the instant Motion that Plaintiff wishes to dismiss this action against Defendants Jeremy Grimes, Meridian, and Foresight Health Services Holdings.

The undersigned, therefore, recommends that the instant Motion be construed as a Motion made pursuant to Fed. R. Civ. P. 41(a)(2), that that Motion be granted, and that Plaintiff's claims against Defendants Jeremy Grimes, Meridian, and Foresight Health Services Holdings, be dismissed without prejudice.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
E. Clifton Knowles
United States Magistrate Judge