IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

PHYLLIS LEWIS, )
)
       Plaintiff, )
)
) CASE NO. 3:14-0897
vs. ) JUDGE TRAUGER/KNOWLES
)
)
)
PAUL MILLER, d/b/a GREENHILLS )
SENIOR HEALTH CENTER, )
)
       Defendant. )

## REPORT AND RECOMMENDATION

This matter is before the Court upon the pro se Plaintiff's "Motion for Attorney's Fees and Costs." Docket No. 53. The body of the Motion states in full as follows:

> Pursuant to Federal Rule of Civil Procedure 54(d)(2) and Local Rule 54.01(b) Plaintiff moves to be granted attorney's fees, court costs and administrative costs.
>
> 1. Plaintiff prior to filing suit in Middle District of Tennessee, Nashville, Tennessee hired attorney, Nanette Gould to collect monies owed from the Defendant, Paul Miller.
> 2. Attorney Gould made several attempts to collect via phone and certified mail. Defendant refused to make any contact with her.
> 3. Attorney Gould also advised the Plaintiff as to her rights and which court suit should be brought.
> 4. Attorney Gould presented her fees to Plaintiff if she were to represent her. Plaintiff hen made the decision to file suit ProSe.
> 5. Plaintiff pad Attorney Gould the sum of $900.00 US dollars for her services.
> 6. Plaintiff paid court costs in the sum of $400.00 US

> dollars.
> 7. Plaintiff incurred mailing fees of $39.68 in mailing costs of documents.
> 8. Plaintiff was charged $50.00 for process server which there is not a receipt.
> 9. Total: $1339.68, all but one receipt is attached.

Plaintiff has not filed a Memorandum of Law with the Motion as required by Local Rule 7.01(a).

Plaintiff offers no basis whatsoever for an award of attorney's fees and costs. In fact, it is unclear whether Plaintiff seeks to recover those fees and costs from Defendant Paul Miller or from Ms. Gould.

Fed. R. Civ. P. 54(d)(2), which Plaintiff cites, provides:

> (2) Attorney's Fees.
>
> (A) *Claim to Be made by Motion.* A claim for attorney's fees and related nontaxable expenses must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages.
>
> (B) *Timing and Contents of the Motion.* Unless the statute or court order provides otherwise, the motion must:
>
> > (i) be filed no later than 14 days after the entry of judgment;
> >
> > (ii) specify the judgment in the statute, rule, or other grounds entitling the movant to the award;
> >
> > (iii) state the amount sought or provide a fair estimate of it; and
> >
> > (iv) disclose, if the court so orders, the terms of any agreement about fees for the services for which the claim is made.

A default judgment was entered in this action against the only remaining Defendant, Paul

2

Miller, on December 9, 2014. Docket No. 46. The instant Motion was filed January 20, 2015. It is, therefore, untimely.

Additionally, Plaintiff has not specified the grounds entitling her to the award.

For the foregoing reasons, the instant Motion (Docket No. 53) should be DENIED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

                                                                       _____
                                                                       E. Clifton Knowles
                                                                       United States Magistrate Judge