# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| PHYLLIS LEWIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 3:14-cv-0897 |
| | ) | Judge Trauger |
| PAUL MILLER, Administrator, *et al.*, | ) | Magistrate Judge Knowles |
| | ) | |
| Defendants. | ) | |

## **O R D E R**

On July 21, 2015, the Magistrate Judge issued a Report and Recommendation (Docket No. 66), to which the plaintiff has filed an Objection (Docket No. 71).

The Report and Recommendation related to the plaintiff's Motion for Attorney's Fees and Costs (Docket No. 53), which is considered a dispositive matter. When a magistrate judge issues a report and recommendation regarding a dispositive pretrial matter, the district court must review *de novo* any portion of the report and recommendation to which a specific objection is made. Fed. R. Civ. P. 72(b); 28 U.S.C. §636(b)(1)(C); *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001); *Massey v. City of Ferndale*, 7 F3d 506, 510 (6th Cir. 1993).

The Report and Recommendation gratuitously belittled the plaintiff's filing by stating that she offered "no basis whatsoever for an award of attorney's fees and costs." Moreover, the Report and Recommendation states that it is "unclear whether Plaintiff seeks to recover those fees and costs from Defendant Paul Miller or from Ms. Gould." (Docket No. 66 at 2) The record makes clear that the plaintiff was seeking attorney's fees and costs from Defendant Miller pursuant to Rule 54(d)(2), Federal Rules of Civil Procedure and Local Rule 54.01(b) (Docket No.

53), as the Clerk had instructed her to do in the Default Judgment awarded to her against Defendant Paul Miller on December 9, 2014 (Docket No. 46 at 1). Unfortunately, the plaintiff states in her Objection that she "thought she had 60 days to file a motion for fees and costs." (Docket No. 71 at 2) In fact, pursuant to Local Rule 54.01(b)(1), her motion was to have been filed within 30 days from the entry of the default judgment. The Default Judgment was entered on December 9, 2014, but the Motion for Attorney's Fees and Costs was not filed until January 20, 2015. As such, the motion is untimely, and the court finds no basis for excusing the plaintiff's failure to comply with this deadline. For these reasons, the plaintiff's objections are **OVERRULED**, and the Report and Recommendation is **ACCEPTED** as to its legal conclusion but not as to its discourteous rhetoric. The plaintiff's Motion for Attorney's Fees and Costs (Docket No. 53) is **DENIED**.

It is so **ORDERED.**

Enter this 6th day of August, 2015.

ALETA A. TRAUGER
U.S. District Judge